## Summerhill Borough v. Sherbine et al.

*Borough—Easement—Ejectment—Equity jurisdiction.*

1. A borough having an easement in an alley may maintain an action of ejectment to recover possession thereof.

2. A bill in equity by a borough against property owners adjoining and abutting upon an alleged alley, praying that certain obstructions placed thereon by defendants be deemed nuisances, and that defendants be ordered to remove the nuisances and be further enjoined from erecting and maintaining other obstructions and interfering with the passage through and over the alley, is merely an ejectment bill. The proper remedy is an action of ejectment by the borough.

Bill in equity. C. P. Cambria Co., Sept. T., 1925, No. 32, E. D.

*Edward J. Harkins,* for plaintiff; *Sherbine & Storey,* for defendants.

EVANS, P. J., Nov. 24, 1925.—The plaintiff's bill alleges in substance that it is a legally constituted borough; that two alleys in said borough, one extend-

Summerhill Borough *v.* Sherbine et al.

ing from Wenderoth Avenue in a southeasterly direction to Mill Street, and the second extending from Main Street in a southwesterly direction to the first said alley, are public alleys; and that the same were dedicated and said dedication accepted and they have been so used by the public; that the defendants have caused certain obstructions to be made upon said alleys, hindering and interfering with the passage over and through said alleys, and praying that the obstructions be deemed nuisances, and that the defendants be ordered to remove the nuisances and also be enjoined from erecting or maintaining any other obstructions and from interfering with the passage over and through said alley.

To this bill the defendants have made answer denying the allegations set up in the bill, and averring that the ground covered by the alleged alleys was and is the private property of the defendants and has been in their sole, exclusive, open, notorious, adverse and continuous possession since 1893; that the alleged obstructions were not nuisances, and that they had been maintained in the same conditions and positions as they had been originally constructed since 1893. The defendant then denied the jurisdiction of this court as a court of equity, contending that plaintiff's bill was in fact an ejectment bill.

The only question which seems to be at all troublesome is whether or not the municipality can maintain an action of ejectment in this case, as a municipality has only an easement upon the streets. We find, upon examination, however, that the great weight of authority is in favor of the defendant's contention that such an action may be maintained by a municipality.

In 3 Dillon on Municipal Corporations (5th ed.), § 1133, it is said: "A municipal corporation entitled to the possession and control of streets and public places may, in its corporate name, recover the same in ejectment. Where it possesses the fee, although in trust for public uses, there are no technical obstacles in the way of maintaining such an action against the adjoining proprietor or whoever may wrongfully intrude upon, occupy or detain the property. And where the adjoining proprietor retains the fee, the courts have overcome the technical difficulty by regarding the right to the possession, use and control of the property by the municipality as a legal and not a mere equitable right."

In 37 Cyc., 252, par. *B*, it is said: "A town or county may maintain an action for damages against one who injures a road, and ejectment by the town will lie against those encroaching."

There are some cases holding that a municipality which has only an easement upon the streets and highways may not maintain ejectment, but the great majority of the cases hold to the contrary.

The case of Klinkener *v.* School Directors of McKeesport, 11 Pa. 444, we believe, supports the same principle. In that case there had been a gift of certain real estate for school purposes, but no actual possession taken or a school-house erected upon the premises so as to indicate an acceptance of the gift, and the question was there raised that there was no such title vested in the plaintiff as would enable them to maintain ejectment. The court held that ejectment could be maintained, saying: "Infinite mischief and injustice would ensue from questioning such rights or permitting them to be questioned by intruders."

The bill and answer in this case merely show that this is an ejectment bill, and it appearing that the weight of authority is to the effect that the municipality may bring an action of ejectment, such an action should be brought

Summerhill Borough *v.* Sherbine et al.

instead of a bill or proceeding upon the equity side of the court. We, therefore, enter the following decree:

And now, Nov. 24, 1925, after due consideration, it is ordered and decreed that this proceeding be certified to the law side of the court, and that the same is so certified for the purpose of having the title and right of possession of the parties to the premises in dispute determined in ejectment on the law side of the court.

From Henry W. Storey, Jr., Johnstown, Pa.